# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DION LEONARD, #214407,**

      **Petitioner,**

v.                                                      Case No. 2:07-CV-13226
                                                         Honorable George Caram Steeh
                                                         Magistrate Judge Mona K. Majzoub

**JEFF WHITE,**

      **Respondent.**

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR APPOINTMENT OF COUNSEL

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of armed robbery. He was sentenced to four years six months to twenty-five years for the conviction. Petitioner has now filed a "Motion for Appointment of Counsel." For the reasons set forth below, the Court will deny Petitioner's request.

## I. STANDARD OF REVIEW

      A habeas petitioner may obtain legal representation at any stage of the case "[w]henever the U.S. magistrate or the court determines that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases. In determining whether or not "the interests of justice so require" the appointment of counsel in a habeas petition, the Court must consider certain factors. Case law provides:

> In deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986); *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986)[1]. The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) he would have a reasonable chance of winning with the assistance of counsel. *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986); *Thirkield v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002).

## II. DISCUSSION

Petitioner's basis for requesting appointment of counsel is two-fold: (1) he "does not fully comprehend the rules in this matter;" and (2) "due to the intricateness of issues before the court and the language used to navigate through the process" he is not capable of providing proper legal representation for himself. (Mot. at 1). Petitioner has raised three issues for habeas review: (1) whether the parole board abused its discretion in denying Petitioner parole; (2) whether specific parole board members abused their discretion by "establishing [petitioner] follow 'corrective action which may facilitate release,' knowing that completion of such action does not guarantee a positive action from the parole board;" and (3) whether Petitioner's equal protection rights were violated when some inmates were released and other inmates, who were similarly situated, remain incarcerated.

Petitioner has set forth no exceptional circumstances to justify granting his request for the appointment of counsel nor has he presented any facts which substantiate the presence of the above stated factors the Court would take into consideration when granting an appointment of counsel

---

[1] In this case Petitioner is not proceeding *in forma pauperis,* and therefore has not been adjudicated as indigent.

request. *Lavado v. Keohane,* 992 F.2d 601, 604-06 (6th Cir.1993). Petitioner has failed to articulate why the issues raised in his case are so "intricate" and difficult that an attorney is required to bring the matter to resolution. Petitioner has merely made conclusory statements supporting his request for the appointment of counsel without substantiating any of those conclusions with facts or legal authority.

Also in this case, it does not appear that Petitioner's claims are likely to have substance for three reasons: (1) there is no constitutional or inherent right to be conditionally released from confinement before the expiration of a prison sentence; *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979); (2) it does not appear that Petitioner has shown that consideration of his institutional conduct or correctional adjustment by certain members of the parole board was improper; and (3) Petitioner's equal protection claim is conclusory with no establishment of being subjected to disparate treatment.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion for Appointment of Counsel" [Dkt. #8] is **DENIED WITHOUT PREJUDICE**. The Court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

Dated: July 17, 2008

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 17, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk