UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION LEONARD,

    Petitioner,                         Civil No. 2:07-CV-13226
                                          HONORABLE GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

JEFF WHITE,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, DECLINING TO GRANT CLASS ACTION CERTIFICATION, DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Dion Leonard, ("petitioner"), presently on parole to the Michigan Department of Corrections through the Washtenaw County Parole Office in Ann Arbor, Michigan, [1] seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [2] In his *pro se* application, petitioner challenges the Michigan Parole Board's decision to deny him parole on his conviction for armed robbery. Petitioner has also filed a petition for class action certification. For the reasons

---

[1] The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was released on parole on June 18, 2009. Petitioner's parole is scheduled to expire on June 18, 2011.

[2] Although petitioner does not specifically indicate in his petition that he is seeking habeas relief or what statutory section that he seeks habeas relief under, 28 U.S.C. § 2254 is not only the "appropriate vehicle" for petitioner's parole denial claims, it is , practically speaking, the sole vehicle. *Crouch v. Norris,* 251 F. 3d 720, 723 (8th Cir. 2001). This is because petitioner is a "person in custody pursuant to the judgment of a State court", and can only obtain habeas relief under § 2254, regardless of how his pleadings are styled. *Id.* (quoting 28 U.S.C. § 2254(a)).

1

stated below, the petition for writ of habeas corpus is **DENIED AS MOOT.**  The Court further denies petitioner's request for class action certification.

## I. Discussion

Petitioner's habeas challenge to the Michigan Parole Board's decision to deny him parole has been rendered moot by his release on parole.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not considered moot. *Id.*

Where a habeas petitioner chooses to attack only his or her sentence, and not the underlying conviction, and that sentence expires during the course of the habeas proceeding, the habeas petitioner's claim for relief is moot. *See Lane v.*

2

*Williams,* 455 U.S. 624, 630-31 (1982). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Medberry v. Crosby,* 351 F. 3d 1049, 1054, n. 3 (11th Cir. 2003).

In the present case, petitioner's main objective in filing this petition was to be released on parole. Petitioner's release on parole renders his claim moot, because there is no longer a case or controversy to litigate. *See Townsend v. Vasbinder,* No. 2010 WL 550603, * 3 (6th Cir. February 18, 2010); *Mannino v. Gluch,* 891 F. 2d 291; No. 1989 WL 145909, * 1 (6th Cir. December 4, 1989); *Fendler v. U.S. Bureau of Prisons,* 846 F. 2d 550, 554 (9th Cir. 1988); *U.S. ex. rel. Graham v. United States Parole Board Comm'n,* 732 F. 2d 849, 850 (11th Cir. 1984); *Yates v. Cunningham,* 70 F. Supp. 2d 47, 51 (D.N.H. 1999). Because petitioner has been released on parole, his challenge to the denial of parole has been rendered moot.

The Court will also deny petitioner's request to file a class action because petitioner cannot adequately protect the interests of the class. Numerous cases have held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action. *See Heard v. Caruso*, 351 Fed.Appx. 1, 15 (6th Cir. 2009); *Palasty v. Hawk,* 15 Fed. Appx. 197, 200 (6th Cir. 2001); *Craig v. Cohn,* 80 F. Supp. 2d 944, 956 (N.D. Ind. 2000); *Caputo v. Fauver,* 800 F. Supp. 168, 169 (D.N.J. 1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988).

## II. Conclusion

The Court will deny the petition for writ of habeas corpus as moot. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997). Furthermore, Fed. R. App. P. 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F. 3d 949, 953 (6th Cir. 1997) (holding that Rule 22(b) requires district courts to make the initial determination of appealability). In granting a certificate of appealability, the Court must indicate the specific issue or issues for which the

applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 Fed. Appx. 113 (4th Cir. 2003). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that petitioner's request for class action certification is **DENIED.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis.*

Dated: June 2, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 2, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk